UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

C. LEONARD GORDON, MARGOT GORDON, and STEVEN J. EVANS,

                 Plaintiffs,

-against-

RAMOT-AT-TEL-AVIV-UNIVERSITY, ZE'EV WEINFELD, GIORA YARON, ZVI GALIL, and GIDEON SCHICHMAN

                 Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/8/2014__

13 Civ. 5105 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs, officers and investors in non-party Althera Medical, Ltd., a closely held Israeli corporation, assert claims sounding in securities fraud, common law fraud, and tortious interference. Defendant Ramot-at-Tel-Aviv-University moves to dismiss the complaint.

    Applying the three-step *forum non conveniens* framework set forth in *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005), the Court concludes that: (1) deference to Plaintiffs' choice of forum is unwarranted because the action's connection to New York is attenuated, Plaintiffs' filings give rise to an appearance of forum shopping, and considerations of convenience do not favor New York, *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 71-72 (2d Cir. 2001); (2) Defendants are Israeli entities amenable to service of process in Israel, and there is no basis for the Court to conclude that Israeli law is inadequate to resolve this dispute or that relief in the Tel Aviv district courts is insufficient (indeed, this matter may be redressable in the currently pending Tel Aviv action), *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003); and (3) the public and private factors favor Tel Aviv as a more convenient forum considering that Plaintiffs concede they need no witnesses to prove their case and that the witnesses and evidence necessary for Defendants' case are located in Israel, *Nippon Fire & Marine Ins. Co., Ltd. v. M.V. Egasco Star*, 899 F. Supp. 164, 169

(S.D.N.Y. 1995), *aff'd*, 104 F.3d 351 (2d Cir. 1996).

Accordingly, Defendant's motion to dismiss is GRANTED on the ground of *forum non conveniens*. The Court does not reach the additional grounds for dismissal cited by Defendant.

The remaining defendants do not move at this time, presumably because they were not served with the summons and complaint. *See* Def. Mem. 20, 22, ECF No. 23. Although the 120-day deadline for service has elapsed, the complaint is DISMISSED as to all defendants for *forum non conveniens*, rather than pursuant to Federal Rule of Civil Procedure 4(m). *See Washington v. Lenihan*, 87 CIV. 4770 (SAS), 1996 WL 345950, at *3 (S.D.N.Y. June 21, 1996) ("[E]ven if Plaintiff was granted leave to refile his claim against [the unserved defendant], it would be dismissed on the grounds set forth . . .").

The Clerk of Court is directed to terminate the motion at ECF No. 20, to close the case, and to mail a copy of this order to Plaintiffs *pro se*.

SO ORDERED.

Dated: April 8, 2014

      New York, New York

_____
ANALISA TORRES
United States District Judge

