UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    6/5/2014
```

C. LEONARD GORDON, MARGOT GORDON, and STEVEN J. EVANS,

            Plaintiffs,

-against-

RAMOT-AT-TEL-AVIV-UNIVERSITY, ZE'EV WEINFELD, GIORA YARON, ZVI GALIL, and GIDEON SCHICHMAN

            Defendants.

13 Civ. 5105 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court assumes that the parties are familiar with the facts and procedural history of this case.

    On April 8, 2014, this Court issued an order dismissing Plaintiffs' claims against all Defendants on the ground of *forum non conveniens* (the "Order"), ECF No. 41, and on April 9, 2014, the Clerk of Court entered a judgment dismissing the action. ECF No. 42.

    On April 30, 2014, Plaintiff *pro se* C. Leonard Gordon submitted a letter on behalf of Plaintiffs requesting that this Court modify the Order so as to dismiss only the claims against the individual defendants (Ze'ev Weinfeld, Giora Yaron, Zvi Galil, and Gideon Schichman) and the tortious interference claim against Ramot-at-Tel-Aviv-University ("Ramot"), thereby allowing Plaintiffs to proceed with the claim for securities fraud against Ramot. ECF No. 43.

    On May 6, 2014, Plaintiffs filed a notice of appeal with the Second Circuit appealing the Order, which notice was amended on May 14, 2014. ECF Nos. 44, 46.

    On May 8, 2014, Ramot submitted a letter asking this Court to disregard Plaintiffs' April 30, 2014 letter as moot in light of Plaintiffs' notice of appeal. ECF No. 45.

    On May 30, 2014, Joshua S. Androphy, Esq., submitted a letter informing the Court that he had been retained as counsel for Plaintiffs and requesting that the Court construe Plaintiffs'

April 30, 2014 letter as a timely motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).  ECF No. 48.  Androphy also requests 21 days to "get up to speed and submit a proper memorandum of law and affidavit in support of [Plaintiffs'] motion."  *Id*.

On June 2, 2014, Ramot submitted a letter asking this Court to disregard Plaintiffs' April 30, 2014 letter as moot in light of Plaintiffs' notice of appeal or, in the event the Court construes the letter as a motion under Fed. R. Civ. P. 59(e), to deny Plaintiffs' request for additional time and to deny the motion.  ECF No. 49.

## LEGAL STANDARD

A court will "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions 'to raise the strongest arguments they suggest.'"  *Bertin v. U.S.*, 478 F.3d 489, 491 (2d Cir. 2007) (citations omitted).

"Reconsideration of a court's prior order under Local Rule 6.3 or Rule 59 is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Schoolcraft v. City of New York*, 10 Civ. 6005, 2014 WL 1040741, at *1 (S.D.N.Y. Mar. 14, 2014) (citations and internal quotation marks omitted).  Indeed, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration may be justified by "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).  "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it

be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). Local Rule 6.3 "should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Id*. at 462 (citation omitted).

## DISCUSSION

In light of the Court's obligation to construe the submissions of *pro se* plaintiffs liberally, the Court will construe Plaintiffs' letter dated April 30, 2014 as a motion to alter or amend the judgment pursuant to Rule 59(e).

However, Androphy's request for additional time to get up to speed and submit additional papers is denied. In Plaintiffs' April 30, 2014 letter to the Court, Plaintiff *pro se* C. Leonard Gordon, a sophisticated investor and New York University School of Law graduate, submitted arguments on Plaintiffs' behalf. Plaintiffs have had sufficient opportunity to submit documentation in support of their motion. Plaintiffs are not entitled to endless bites at the apple. It would be prejudicial to Defendants to prolong this dispute further and to provide Plaintiffs with a third opportunity to argue their position simply because they waited until judgment was entered to retain counsel.

Turning to the merits of Plaintiffs' Rule 59(e) motion, Plaintiffs have failed to set forth any basis that satisfies the strict standard required to alter or amend a judgment. *See Shrader*, 70 F.3d at 257. As an initial matter, the bulk of the arguments in Gordon's letter do not address the substance of the Order. *See* ECF No. 43. Rather, Plaintiffs primarily repeat allegations relating to a contractual dispute between Althera and Ramot, which are already being litigated in an action in the Tel Aviv district court (the "Tel Aviv action") and which Plaintiffs maintain

provide the basis for the securities fraud claim here.  *Id*. at ¶¶ 2–5; *see also* Cassirer Decl., Ex. A, ECF No. 21-1; Cassirer Decl., Ex. C, ECF No. 21-6.

Plaintiffs appear to argue that eliminating all claims other than their securities fraud claim against Ramot will somehow alter the applicability of the *forum non conveniens* doctrine to this dispute.  *See* ECF No. 43 at ¶¶ 1, 7.  Plaintiffs are mistaken.  Even with the other Defendants and claims dismissed, this Court has serious concerns that Plaintiffs' action for securities fraud against Ramot is duplicative of the Tel Aviv action and was filed either for forum shopping purposes or to gain leverage in that pending lawsuit.  Indeed, Plaintiffs made submissions to the Court stating that Althera—on whose Board and management Plaintiffs serve—has promised to raise counterclaims for fraud in the Tel Aviv action as part of a purported agreement not to be named in the present suit.  *See* Compl. p.4; Pl. Aff. Opp. ¶ 23, ECF No. 28.  Aside from serving to demonstrate the adequacy of the alternate forum, Plaintiffs' litigation tactics and apparent attempt to pursue fraud claims against Ramot in the Tel Aviv action as well as here lends an appearance of forum shopping, if not worse, to the present action.[1]  The appearance of improper forum shopping would be not removed merely by the Court's dismissing some of the parties and claims but allowing Plaintiffs' fraud claims against Ramot to go forward.  Nothing in Plaintiffs' April 30, 2014 letter could reasonably be expected to alter the Court's conclusion on this issue.

Plaintiffs also assert that Althera's head offices are in New York and that the prospectus governing their investment in Althera was prepared by the "U.S. law firm of Proskauer Rose." ECF No. 43 at ¶ 6.  However, these facts, without more, are not sufficient to change this Court's

---

[1] The appearance of improper forum shopping is rendered worse by the fact that Plaintiffs have made numerous representations and promises to settle on behalf of the nonparty Althera and at times speak as though Althera itself—and not its investors—is the actual plaintiff in this action.  *See* Compl. p.4−5; Pl. Aff. Opp. ¶¶ 16, 18, 26, 27, ECF No. 28.  Regardless of Plaintiffs' motives, this creates an appearance that Plaintiffs (1) are alter-egos of Althera and are already litigating related matters against Ramot in the Tel Aviv action, and (2) crafted this litigation to exclude Althera as a party in order to create diversity jurisdiction and to circumvent the terms of at least one forum-selection clause.

holdings regarding this action's connection to New York, the availability of evidence, other considerations of convenience, or any of the remaining public and private factors. *See Iragorri v. United Technologies Corp.*, 274 F.3d 65, 71-72 (2d Cir. 2001); *Nippon Fire & Marine Ins. Co., Ltd. v. M.V. Egasco Star*, 899 F. Supp. 164, 169 (S.D.N.Y. 1995), *aff'd*, 104 F.3d 351 (2d Cir. 1996).

In sum, Plaintiff has failed to identify an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice that would lead the Court to alter its decision with respect to any of the three factors identified in *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005). Moreover, it is not appropriate on a Rule 59(e) motion to raise new arguments or present new evidence that could have been raised or presented before. *Davidson*, 172 F. Supp. 2d at 461. Accordingly, reconsideration is not appropriate. *See Virgin Atl. Airways*, 956 F.2d at 1255.

## CONCLUSION

Plaintiffs' request to construe the April 30, 2014 letter as a timely motion to alter or amend the judgment is GRANTED. Plaintiffs' request for additional time to submit a memorandum and affidavit is DENIED. Plaintiffs' motion to alter or amend the judgment is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 48.

SO ORDERED.

Dated: June 5, 2014

New York, New York

_____
ANALISA TORRES
United States District Judge